UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA P. WALSTON,<br>            Plaintiff,<br><br>        v.<br><br>UNITED STATES DEPARTMENT<br>OF DEFENSE,<br>            Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### THE PARTIES

1. Plaintiff Linda P. Walston is a citizen of Virginia.

2. Defendant Department of Defense ("DOD") is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).

3. The Defense Information Systems Agency ("DISA") is a component of the DOD.

4. The DISA has possession, custody and control of the records Plaintiff seeks.

### JURISDICTION AND VENUE

5. This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

6. This Court has jurisdiction over the parties and subject matter pursuant to 5 U.S.C. § 552(a)(4)(B).  Jurisdiction also lies with this Court under 28 U.S.C. § 1331.

7. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF THE FACTS

8.  Plaintiff discovered that her personal computer had been hacked, and, with assistance from a computer forensics specialist, found that the Internet Protocol (IP) addresses hacking her computer belonged to the DOD Network Information Center.  Upon this discovery, Plaintiff filed a complaint with the DOD's Office of the Inspector General ("DOD OIG") Hotline.  The DOD OIG assigned the complaint a number, Complaint No. 20140903-027308.

9.  The DISA's Office of the Inspector General ("DISA OIG") received Complaint No. 20140903-027308 and assigned it Hotline Case No. 2014-0193.

10. On April 21, 2015, Plaintiff submitted a FOIA request to the DISA Headquarters FOIA Requester Service Center.  The request was for all documents that refer or relate to DISA OIC Hotline Case No. 2014-0193.  In response, Plaintiff received a letter dated May 6, 2015, from Robin Berger, the DISA FOIA Manager.  The letter stated that the FOIA request would be treated as a FOIA and Privacy Act request and requested a notarized letter from Plaintiff certifying to her identity as Plaintiff.  Although Ms. Berger acknowledged that she would be unable to meet the statutory deadline of 20 work days for responding to the request, she estimated that processing of the request would be completed within 90 days.  On May 12, 2015, Plaintiff re-sent her FOIA request, this time with a notarized signature.

11. After not hearing anything from Ms. Berger or the FOIA Requester Service Center, on August 15, 2015, Plaintiff wrote Ms. Berger another letter, informing her that she would commence administrative appeal procedures if she did not receive a response by August 20. Having received no response to that letter, Plaintiff filed an administrative appeal with the DISA General Counsel on August 24, 2015.

12. On September 5, 2015, Plaintiff sent Ms. Berger a follow-up letter regarding her long-dormant FOIA request.  Not having received any response from Ms. Berger, on September 15, Plaintiff sent a letter to the attention of the FOIA Appellate Authority and a letter to the Chief FOIA Public Liaison.  These letters, apparently, reached Ms. Berger who called Plaintiff to acknowledge that she received all of the above-mentioned letters and that they were "sitting on her desk."  Dissatisfied with Ms. Berger's response, Plaintiff sent her yet another follow-up letter on September 26, urging her to, finally, act on the FOIA request.

13. When Plaintiff received no response to any of the letters she sent DISA in September, on October 26, 2015, the undersigned counsel for Plaintiff sent a letter to the DISA General Counsel, informing him that Plaintiff would pursue litigation if she did not receive a response to her FOIA request by November 9, 2015.

14. By letter dated November 3, 2015, the DISA General Counsel's office finally replied to Plaintiff's FOIA request, but only to part of it.  DISA released a two-page redacted Defense Hotline Completion Report and a one-page redacted cover memorandum.  Although the Completion Report referred to field working papers and files, these documents were not released.  Nor was their non-release explained in the November 3 letter.  The letter directed Plaintiff to file any appeal with the Director of DISA at 701 South Courthouse Road, Arlington, VA  22204.

15. On Friday, November 13, 2015, Plaintiff mailed an appeal of DISA's decision on her FOIA request by Priority Mail One-Day Delivery.  The appeal was delivered to the Director of DISA on Saturday, November 14, and the next business day following that date was Monday, November 16, 2015.  In her appeal, Plaintiff explained that DISA's response to her FOIA request was incomplete, not having addressed her request for all documents related to Hotline Case No. 2014-0193.

16. Afterwards, in an email dated November 19, 2015, Ms. Berger told Plaintiff that the November 3 letter contained an incorrect address for filing an appeal, and that the correct addressee was the DISA General Counsel.  Plaintiff mailed her appeal again, by Priority Mail One-Day Delivery, on November 19, this time to the DISA General Counsel.

17.  In fact, DISA's FOIA regulations provide that "[a]ll appeals should be directed to the Director, DISA . . . ."  DISA Instruction 630-225-8 (07 September 2007), which can be found at http://www.disa.mil/About/Legal-and-Regulatory/Accessibility/~/media/Files/DISA/About/Legal/FOIA/foia_regulation.pdf.

18. At the time of the filing of the Complaint, more than 20 work days have passed since November 16, 2015, yet Plaintiff has not received a decision on her FOIA appeal.

## COUNT I:
## VIOLATION OF FOIA

19. Defendant violated the FOIA, at 5 U.S.C. § 552(a)(6)(A)(ii), by failing to respond to Plaintiff's appeal of her FOIA request within 20 work days after receiving it on Monday, November 16, 2015.

20. Plaintiff has exhausted her administrative remedies because more than 20 work days have passed since Defendant received Plaintiff's appeal.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)  Declare Defendant's failure to comply with the FOIA to be unlawful;

(2) Order Defendant to search for and process the requested records on an expedited basis;

(3) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E)(i); and

(4) Grant Plaintiff such other and further relief which the Court deems proper.

Respectfully submitted,

 /s/ Rosa M. Koppel

ROSA M. KOPPEL
D.C. Bar No. 405779
Law Offices of Larry J. Stein, LLC
4023 Chain Bridge Road, Suite 10
Fairfax, Virginia  22030
Telephone:  (703) 383-0300
Facsimile:  (703) 736-3115
rosakoppel@ljslaw.net

Counsel for Plaintiff